IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN HALEY, DEE ANNA HALEY, and KATELYN HALEY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-11-1207-D ) |
| AMERICAN FARMERS AND RANCHERS MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's *Daubert* Motion to Exclude Testimony of Dr. Bianco and Dr. Shaw [Doc. No. 72], filed pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Defendant challenges the expert opinions of two neuropsychologists, Dr. Terry G. Shaw, Ph.D. and Dr. Faust Bianco, Jr., Ph.D., who evaluated or treated Plaintiff Dee Anna Haley ("Mrs. Haley") following a motor vehicle accident for which she is seeking underinsured motorist ("UM") coverage. Plaintiffs have responded in opposition to the Motion, which is fully briefed and at issue.

**Factual Background**

This case concerns UM coverage for personal injuries suffered by Mrs. Haley and her daughter as a result of an accident that occurred on September 20, 2006. Because the motorist at fault in the accident had insufficient liability insurance to provide full compensation, Stephen Haley and Mrs. Haley made a claim against their insurer, Defendant American Farmers and Ranchers Mutual Insurance Company. For more than two years, Plaintiffs dealt directly with Defendant's representatives who were investigating and attempting to evaluate the claim. At their request,

Mrs. Haley underwent an independent medical examination ("IME") by a neurologist in June, 2009. Defendant received an IME report in July, 2009, that was favorable to Mrs. Haley, but she was not informed of the report because Defendant considered it to be incomplete. Plaintiffs subsequently retained counsel, who notified Defendant of the representation in October, 2009. Plaintiffs' counsel obtained a copy of the IME report directly from the examining physician in December, 2009. In July, 2010, Mrs. Haley underwent a neuropsychological evaluation by Dr. Shaw, and was diagnosed with post-traumatic stress disorder ("PTSD"), and other mental health conditions. She received treatment for these conditions from Dr. Bianco from August, 2010, until May, 2011.

Plaintiffs have designated Dr. Shaw and Dr. Bianco as expert witnesses to testify regarding their diagnoses of Mrs. Haley's mental health conditions, and their opinions that these conditions were caused by the accident. Defendant does not dispute that Drs. Shaw and Bianco are qualified to provide opinion testimony regarding Mrs. Haley's mental health conditions, but Defendant contends their opinions are unreliable. By its Motion, Defendant seeks to exclude opinion testimony by Dr. Shaw and Dr. Bianco as inadmissible under Rule 702 and *Daubert*.

### Standard of Decision

Rule 702 codifies the Supreme Court's decision in *Daubert* and sets forth the standard for admissibility of expert opinions. When the testimony of an expert is challenged, the proponent bears the burden of establishing its admissibility. *See* Fed. R. Evid. 104(a); *see also United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc). Defendant's Motion requires Plaintiff to establish that the expert opinions of Drs. Shaw and Bianco are "reliable" under the principles set forth in *Daubert* and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

**Discussion**

In supports of its Motion, Defendant primarily argues that the expert opinions of Plaintiffs' psychologists lack a reliable basis because they did not consider Mrs. Haley's medical history, which included prior treatment for depression and anxiety, and that their failure to assess and consider her prior history does not comport with diagnostic criteria for PTSD and other diagnosed conditions. At the time of the Motion, the parties' arguments were based solely on expert reports provided by Drs. Bianco and Shaw. Plaintiffs argued that these reports indicate the experts were aware of Mrs. Haley's prior treatment, and show their findings were based on sufficient data and appropriate diagnostic techniques. After the initial round of briefing, Dr. Bianco was deposed, and the parties were permitted to supplement their respective briefs. Plaintiffs rely on his testimony to show that Dr. Bianco and Dr. Shaw employed accepted clinical standards in the field of psychology, that they were aware of Mrs. Haley's prior treatment for depression, and that this fact does not undermine a diagnosis of PTSD. Over Plaintiffs' objection, Defendant has recently filed a supplemental reply brief regarding these issues. In its supplemental brief, Defendant argues that Dr. Bianco's opinion is unreliable because he testified that PTSD and depression are not related, which is contrary to scientific studies suggesting that anxiety and depression are "risk factors" for PTSD. *See* Def.'s Reply to Pls.' Suppl. Resp. [Doc. No. 84] at 4.

Upon consideration of the issues presented and the parties' arguments, the Court finds the opinions of Dr. Shaw and Dr. Bianco appear to be sufficiently based on their education and experience as neuropsychologists to be reliable, and thus admissible. The crux of Defendant's argument is that the expert opinions expressed by Drs. Shaw and Bianco are suspect because they failed to consider information that Defendant believes was pertinent to a PTSD diagnosis, based on

3

Defendant's reading of certain diagnostic standards and scientific literature. These arguments, however, go to the credibility and weight to be given the neuropsychologists' opinions, which are matters to be determined by the jury. In short, the Court finds that Plaintiffs' psychological experts should not be precluded from expressing their opinions about Mrs. Haley's mental health conditions.

### Conclusion

For these reasons, the Court finds that Plaintiffs have met their burden to establish the admissibility of the expert opinions about which Drs. Shaw and Bianco propose to testify.

IT IS THEREFORE ORDERED that Defendant's *Daubert* Motion to Exclude Testimony of Dr. Bianco and Dr. Shaw [Doc. No. 72] is DENIED.

IT IS SO ORDERED this 29th day of March, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE